NO. 07-09-00172-CR

 

IN THE COURT OF APPEALS

 

FOR THE
SEVENTH DISTRICT OF TEXAS

 

AT
AMARILLO

 

PANEL A

 



APRIL
26, 2010

 



 

JIMMY J. GOBER, APPELLANT

 

v.

 

THE STATE OF TEXAS, APPELLEE 



 



 

 FROM THE 137TH DISTRICT COURT OF LUBBOCK
COUNTY;

 

NO. 2008-421,987; HONORABLE CECIL G. PURYEAR, JUDGE



 



 

Before CAMPBELL
and HANCOCK and PIRTLE, JJ.

 

 

MEMORANDUM OPINION

 

 

Appellant, Jimmy Joe Gober, was convicted by a jury of possession with intent to
deliver a controlled substance, methamphetamine, in an amount of at least four
grams or more but less than 200 grams.[1]  The jury further found that the offense was
committed within a drug-free zone.[2]  Appellant was subsequently sentenced to
confinement for 15 years in the Institutional Division of the Texas Department
of Criminal Justice (ID-TDCJ).  Appellant
appeals the judgment alleging that the trial court committed reversible error
by allowing a co-defendant to invoke her Fifth Amendment privilege against
self-incrimination in front of the jury. 
We affirm.

Factual and Procedural Background

            Prior
to appellant’s trial for the indicted offense, both the State and appellant
requested a subpoena be issued for Gloria Flores.  Flores had been indicted for the same offense
as appellant.  After the trial began,
appellant’s trial counsel indicated to the trial court that he had been
informed by Flores’s attorney that Flores would invoke her Fifth Amendment
privilege to remain silent as to any questions regarding the offense for which
appellant was on trial.[3]  After so informing the trial court, trial
counsel then requested that Flores be required to assert her Fifth Amendment
privilege out of the jury’s presence. 
The trial court overruled the request. 
The State then called Flores to the witness stand and proceeded to
question her.  After answering four
questions regarding her name and other personal data, Flores asserted her Fifth
Amendment privilege to the next 11 questions propounded to her by the
State.  Trial counsel never asserted an
objection to these questions on the ground that Flores was being required to
assert her Fifth Amendment privilege in front of the jury.  Further, appellant’s trial counsel never
asserted any other objections to the questions asked, except as to the final
question propounded by the State.  That
objection was to the leading nature of the last question asked by the
State.  After the State passed the
witness, trial counsel asked three additional questions of Flores and she
asserted her Fifth Amendment privilege as to each question.  

            The
jury subsequently found appellant guilty of possession with intent to deliver a
controlled substance, methamphetamine, of at least four grams or more but less
than 200 grams.  The jury also found that
appellant’s offense occurred in a drug-free zone.  Appellant elected for the trial court to
assess punishment and the court sentenced appellant to confinement for 15 years
in the ID-TDCJ.  It is from this judgment appellant appeals by a single issue.  By his issue, appellant contends that the
trial court committed reversible error by requiring Flores to assert her Fifth
Amendment privilege in front of the jury. 
We disagree with appellant’s argument and will affirm.

Preservation of Issue on Appeal

            Initially,
we address the State’s contention that appellant failed to preserve his issue
for appeal.  The State contends that,
since appellant did not object to each question that was asked of Flores and
did not request a running objection or a hearing outside the presence of the jury,
appellant has failed to preserve the issue for appeal.  Our view of the record is consistent with the
State’s first two observations. 
Appellant did not object to the individual questions being asked of
Flores and there was no request for a running objection.  Martinez v. State,
98 S.W.3d 189, 193 (Tex.Crim.App. 2003).  However, prior to Flores being questioned,
appellant did raise an objection outside of the jury’s presence to the State
being allowed to question Flores when the State knew she would invoke her Fifth
Amendment privilege.  This is sufficient
to preserve the matter on appeal because Texas Rule of Evidence 103 provides
that objections to the admissibility of evidence made outside the presence of
the jury shall be deemed to apply to such evidence when it is admitted before
the jury without the necessity of repeating those objections.  Tex.
R. Evid. 103(a)(1); Haley
v. State, 173 S.W.3d 510, 517 (Tex.Crim.App.
2005).  

            Even
though we have found that the objection made by appellant did preserve the
issue of whether the State could knowingly force Flores to assert her Fifth
Amendment privilege in front of the jury, this does not end our inquiry into
the area of preservation of issues for appeal. 
This is so because the State next contends that, even if the objection
preserved error, the complaint on appeal does not comport with the objection
made to the trial court.  At trial, the
exact objection stated by trial counsel was, “I would ask that that assertion of
her Fifth Amendment privilege be made outside the presence of the jury because
I don’t think that it’s proper for that to occur in the presence of the
jury.”  In his brief, appellant urges
that the action of the State in forcing Flores to invoke her Fifth Amendment
privilege before the jury allowed the State to introduce inadmissible
hearsay.  However, such was not the
objection made at trial.  In fact,
nothing in the record would advise the trial court that appellant is objecting
to Flores’s testimony based upon hearsay. 
Appellant’s failure to specifically object to the hearsay nature of the
questions results in the alleged error not being brought properly to the trial
court’s attention.  Therefore, nothing
regarding the alleged hearsay nature of the testimony is preserved for
review.  Wilson v. State, 71
S.W.3d 346, 349 (Tex.Crim.App. 2002) (citing Thomas
v. State, 723 S.W.2d 696, 700 (Tex.Crim.App.
1986)).  

There, however, remains one complaint
that appellant makes that could be said to comport with the trial objection
made by appellant.  Appellant contends
that Flores’s refusal to answer questions could lead the jury to imply that all
present at the scene possessed the drugs that were found there.  Assuming that the general objection made
does, in fact, cover this subject matter, there was later testimony from
Charles Evans that identified all three suspects as being present when the
drugs were in view.  This testimony was
not objected to.  Therefore, the earlier
objection is waived.  Massey
v. State, 933 S.W.2d 141, 149 (Tex.Crim.App.
1996).

Our review of the record leads us to
conclude that appellant has failed to properly preserve for our review the
various matters brought forward on appeal. 
Accordingly, appellant’s single issue is overruled.

Conclusion

Having overruled appellant’s sole
issue, the judgment of the trial court is affirmed.

 

                                                                                                Mackey
K. Hancock

                                                                                                            Justice

Do not publish.  

Pirtle, J., concurring.  











[1]
See
Tex. Health & Safety Code ann.
§ 481.112(d) (Vernon Supp. 2009).

 





[2]
See
Tex. Health & Safety Code Ann.
§ 481.134(b) (Vernon Supp. 2009).





[3]
See
U.S. Const. amend. V.